UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE ARRAIGA ALVAREZ, CDCR #V-99688,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DR. S. KO, DR. CONNALL McCABE, DR. A. SANGHA, J. LEWIS,<br><br>　　　　　　　　　　　Defendants. | Case No.: 16-cv-1302-H-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>[Doc. No. 2]<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[Doc. No. 3]<br><br>**(3) DENYING MOTION FOR PRELIMINARY INJUNCTION**<br><br>[Doc. No. 4]<br><br>**(4) DIRECTING U.S. MARSHAL TO EFFECT SERVICE** |

On May 31, 2016, Plaintiff Vicente Arraiga Alvarez, currently incarcerated at Corcoran State Prison and proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1.)

Plaintiff claims that Richard J. Donovan Correctional Facility and Corcoran State Prison officials violated and continue to violate his Eighth Amendment rights by denying him adequate medical care. (Id.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his complaint. Instead, he filed a motion to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a), along with motions to appoint counsel and for a preliminary injunction. (Doc. Nos. 2–4.)

**A.     Motion to Proceed IFP**

Plaintiff moves for leave to proceed IFP. (Doc. No. 2.) All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. See 28 U.S.C. § 1914(a).[1] The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Andrews v. Cervantes, 493 F.3d 1047, 1051 (9th Cir. 2007). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in increments and regardless of whether his action is ultimately dismissed. See 28 U.S.C. §§ 1915(b)(1), (2); Bruce v. Samuels, 136 S. Ct. 627, 629 (2016); Williams v. Paramo, 775 F.3d 1182, 1185 (9th Cir. 2015); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); see Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005). The Court will assess an initial payment of 20% of the average monthly deposits in the account for the past six months, or of the average monthly balance in the account for the past six months,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. See id.

whichever is greater, unless the prisoner has no assets.  See 28 U.S.C. § 1915(b)(1), (b)(4). The institution with custody of the prisoner will collect payments of 20% of the preceding month's income in any month where his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  See 28 U.S.C. § 1915(b)(2); Bruce, 136 S. Ct. at 629.

Plaintiff submitted a certified prison certificate and a certified copy of his inmate trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  (Doc. No. 7.)  This certificate shows that Plaintiff had no monthly deposits and carried no balance in his trust account during the 6-month period preceding the filing of this action, and had an available balance of zero at the time of filing.  (Id.)  The Court assesses no initial partial filing fee because Plaintiff is unable to pay any initial fee at this time.  See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); Bruce, 136 S. Ct. at 630; Taylor, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

The Court grants Plaintiff's motion to proceed IFP and declines to exact any initial filing fee because his prison certificate shows he has no means to pay it.  See Bruce, 136 S. Ct. at 629.  The Court directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect the entire $350 balance of the filing fees and forward the fees to the Clerk of the Court.  See id.

**B.     Motion for Appointment of Counsel**

Plaintiff asks the Court to appoint counsel. (Doc. No. 3.)  "There is no constitutional right to appointed counsel in a § 1983 action."  Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).  While 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to request that an attorney represent an indigent civil litigant, this discretion may be exercised only under "exceptional circumstances."  Agyeman v. Corr. Corp. of Am., 390

F.3d 1101, 1103 (9th Cir. 2004).  A finding of exceptional circumstances requires "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved." Id. at 1103 (internal citations omitted).

The Court denies Plaintiff's request for appointed counsel without prejudice. Nothing in the record at this stage of the proceedings suggests he is incapable of articulating the factual basis for his claims, and any evaluation of his likelihood of success on the merits is premature.

**C.     Motion for Preliminary Injunction**

Plaintiff also filed a motion for preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a).  (Doc. No. 4.)  Rule 65(a) provides that "the court may issue a preliminary injunction only on notice to the adverse party."  As a preliminary matter, Plaintiff's motion for an injunction does not comply with the Rule 65(a) procedural notice requirement.  Plaintiff has not demonstrated that his complaint or his motion have been served on the named Defendants.  Thus, the Court denies without prejudice Plaintiff's motion for preliminary injunction.

**D.     Screening Under 28 U.S.C. §§ 1915(e)(2) and 1915A**

Regardless of a plaintiff's IFP status or the payment of any filing fees, the Prison Litigation Reform Act ("PLRA") requires the Court to review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. The Court must dismiss any complaint, or any portion of a complaint, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  See id; Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The "mere possibility of misconduct" falls short of meeting this plausibility standard. Id.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679; see Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.").

The Court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). However, it may not "supply essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges deliberate indifference to his serious medical needs. (Doc. No. 1.) Plaintiff's complaint contains claims sufficient to survive the "low threshold" for proceeding past the screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A. See Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012). Accordingly, the Court directs the U.S. Marshal to effect service upon the Defendants on Plaintiff's behalf. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

## CONCLUSION

The Court grants Plaintiff's motion to proceed IFP under 28 U.S.C. § 1915(a). (Doc. No. 2.) However, the Court denies without prejudice Plaintiff's motion for appointment of counsel and his motion for a preliminary injunction. (Doc. Nos. 3, 4.) The Court directs the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income, and

to forward those payments to the Clerk of the Court each time the amount in the account exceeds $10. All payments must be clearly identified by the name and number assigned to this action. The Court directs the Clerk of the Court to serve a copy of this order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

The Court also directs the Clerk of Court to issue a summons as to Plaintiff's complaint and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this order, a certified copy of his complaint, and the summons so that he may serve Defendants. On receipt of this IFP package, Plaintiff must fill out the Form 285s as completely and accurately as possible and return the forms to the U.S. Marshal according to the instructions the Clerk provides in the letter accompanying the IFP package.

The Court directs the United States Marshals Service to serve a copy of the complaint and summons on Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

After the U.S. Marshal has effected service, Plaintiff must serve on Defendants or, if appearance has been entered by counsel, on Defendants' counsel a copy of every further pleading, motion, or other document submitted for the Court's consideration. See Fed. Rule Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court a certificate stating how a true and correct copy of that document was served on Defendants or their counsel, and the date of that service. See Civ. L.R. 5.2. The Court will disregard any document it receives that has not been properly filed with the Clerk or that fails to include a certificate of service.

**IT IS SO ORDERED.**

DATED: June 28, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT