UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICENTE ARRAIGA ALVAREZ,**<br><br>                              Plaintiff,<br><br>        v.<br><br>**DR. S. KO, M.D., et al.,**<br><br>                              Defendants. | Case No.: 16-CV-1302-CAB-NLS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Dkt. No. 34)** |

Plaintiff Vicente Alvarez ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action against Defendants Dr. Ko, Dr. McCabe, Dr. Sangha, and Deputy Director Lewis. He alleges claims under the Eighth Amendment for deliberate indifference to his medical needs. (Dkt. No. 1.)

### I.  Plaintiff's Request for Appointment of Counsel

Plaintiff asks this Court to appoint him counsel from the Court's pro bono panel. (Dkt. No. 34.) He argues the Court should appoint counsel because (1) he does not have ready access to a law library and lacks legal training in the law; (2) although he has articulated his claims thus far, he does not possess the legal training to effectively present his case, to counter Defendants' anticipated discovery tactics,

1

to conduct discovery, and to identify and obtain an expert; (3) his case is complex and requires the expertise of legal counsel, and such assistance would result in the just, speedy and inexpensive determination of the action. (Id. at 2-6.) In support, Plaintiff asserts that he is likely to succeed on the merits, that the issues in his case are complex and his confinement limits his ability to pursue discovery, that an attorney will need to present expert testimony, and that an attorney would be better equipped to conduct cross-examinations of parties and witnesses on issues of credibility. (Id. at 13-25.)

## II.  Legal Standard

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). In *pro se* and *in forma pauperis* proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). But they do have discretion to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *quoting Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).[1]

---

[1] Plaintiff cites to out-of-circuit authorities to suggest that he is not required to show exceptional circumstances, and that the Court should consider other factors. (Dkt. No. 34 at 12-13 (citing cases).) Those decisions are not binding on this Court, which sits in the Ninth Circuit, because the Ninth Circuit "has limited the exercise of that power [under section 1915] to exceptional circumstances." *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (citations omitted); *see also Agyeman*, 390 F.3d at 1103 ("The decision to appoint such counsel is within 'the sound discretion of the trial court and is granted only in exceptional circumstances'")(citation omitted).

**III.  Discussion**

Here, this case is in the early stages, and there is very little before the Court regarding the merits of Plaintiff's case other than the allegations in the Complaint. *See* Dkt. No. 34 at 14-17 (citing to allegations in the Complaint).  As a result, it is difficult at this time to determine the likelihood that Plaintiff will succeed on the merits. *See Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (concluding likelihood of success not shown where the plaintiff did not present any evidence other than his own assertions to support his claims).

Further, where a *pro se* civil rights plaintiff shows he has a good grasp of basic litigation procedure and has been able to adequately articulate his claims, he does not demonstrate exceptional circumstances to warrant appointing counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  The Court has reviewed Plaintiff's Complaint and other pleadings and finds that the issues he raises are not particularly complex.  The Court understands Plaintiff's claims and the relief sought.  Plaintiff also demonstrated he has a good grasp on basic litigation procedure, as evidenced by his pleadings and submissions.

Although Plaintiff asserts counsel is needed to engage in discovery and potentially secure expert testimony, this does not necessarily amount to exceptional circumstances.  *Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues."); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that *pro se* prisoner "may well have fared better - particularly in the realm of discovery and the securing of expert

3

testimony," because that is not the applicable test). Further, as to Plaintiff's assertion that he has limited access to the law library, such an issue is common to many prisoners and also does not amount to exceptional circumstances. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (upholding denial of appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education). In sum, the Court finds Plaintiff has sufficiently put on his case thus far in light of the complexity of the legal issues involved, and the circumstances are not exceptional to warrant appointing counsel.

### IV. Conclusion

For the foregoing reasons, Plaintiff has not shown a likelihood of success or that the complexity of the case requires appointment of counsel. The Court thus does not find the "exceptional circumstances" required for appointment of counsel under 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's request for appointment of counsel at this time is **DENIED**.

**IT IS SO ORDERED**.

Dated:  April 3, 2017

Hon. Nita L. Stormes
United States Magistrate Judge