# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE ARRAIGA ALVAREZ,<br><br>                     Plaintiff,<br><br>v.<br><br>DR. S. KO, MD., et al.,<br><br>                     Defendants. | Case No.: 16-CV-1302-CAB-(NLS)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 35] AND DENYING DEFENDANTS' MOTION TO DISMISS [Doc. No. 24]** |

Plaintiff Vicente Alvarez, a California prisoner, filed this civil rights complaint against Defendants under 42 U.S.C. § 1983. On March 24, 2017, Magistrate Judge Nita L. Stormes filed a Report and Recommendation recommending the Court deny the motion to dismiss filed by Defendants Dr. S. Ko, M.D., Dr. Connall McCabe, M.D., Dr. A. Sangha, C.M.E., and Deputy Director J. Lewis. [Doc. No. 35.]

PROCEDURAL BACKGROUND

On May 31, 2016, Plaintiff filed a Complaint alleging that Defendants Ko, McCabe, Sangha and Lewis (collectively "Defendants") were deliberately indifferent to Plaintiff's serious medical need, in violation of the Eight Amendment. [Doc. No. 1 at 1-2.]

On December 14, 2016, Defendants filed a motion to dismiss the Complaint. [Doc. No. 24.] On February 15, 2017, Plaintiff filed his opposition to the motion. [Doc. No. 29.]

1

On February 23, 2017, Defendants filed a reply in support of the motion to dismiss. [Doc. No. 32.]

On March 24, 2017, Magistrate Judge Nita L. Stormes filed a Report and Recommendation recommending that the motion to dismiss filed by Defendants be denied. [Doc. No. 35.] On April 7, 2017, Defendants filed an objection to the Report and Recommendation. [Doc. No. 37.] On April 24, 2017, Plaintiff filed a reply to the objection. [Doc. No. 38.]

## FACTUAL BACKGROUND

Defendants do not object to the factual background provided by Magistrate Judge Stormes [Doc. No. 34 at 2-6] and, therefore, it is incorporated by reference.

## REVIEW OF REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

A. Deputy Director Lewis

Magistrate Judge Stormes found that Plaintiff sufficiently stated a claim against Deputy Director Lewis. [Doc. No. 35 at 14-15.] Defendants object to the ruling as to Director Lewis on two grounds. First, Defendants argue that Plaintiff has failed to allege any facts that establish her supervisory status over Dr. Ko. [Doc. No. 37 at 2.] However, as noted by the Magistrate Judge, Plaintiff alleges Director Lewis was responsible for the overall operation of the California Department of Corrections Health Care Department, and Director Lewis condoned the actions of her subordinate, Dr. Ko. [Doc. No. 35 at 14.]

These allegation are sufficiently pled to establish that Dr. Ko was a subordinate of Director Lewis'.

Second, Defendants object on the grounds that Plaintiff has failed to adequately plead supervisory liability on the part of Director Lewis to support a § 1983 claim. Defendants argue that Plaintiff's allegations regarding Director Lewis' level of involvement in decisions about his care are insufficient.[1] [Doc. No. 37 at 3-4.] Additionally, Defendants contend the complaint fails to adequately allege the requisite deliberate indifference on the part of Director Lewis. [*Id.* at 4-5.] But, as found by Magistrate Stormes, Plaintiff alleges Deputy Director Lewis did more than simply review Plaintiff's administrative appeal. [Doc. No. 35 at 14-15]. As the Recommendation reports, Plaintiff alleges that Director Lewis knew Dr. Ko refused to provide effective treatment for his chest pains and refused to refer him to a specialist and that Director Lewis condoned Dr. Ko's actions directing Plaintiff to seek medical care at his own expense and denying him medical care because it was too expensive. [*Id.*] Further, as Magistrate Stormes noted, Plaintiff alleges that nonetheless Deputy Director Lewis denied his 602 Appeal and that the delay in treatment has caused him harm. [*Id.* at 15.] Thus, Plaintiff has sufficiently stated a claim against Deputy Director Lewis for deliberate indifference based upon her knowledge of and acquiescence in unconstitutional conduct by her subordinate, Dr. Ko. *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Therefore, this Court agrees with the Magistrate Judge that the motion to dismiss as to Deputy Director Lewis should be denied.

B. Dr. Sangha

Magistrate Judge Stormes denied Defendants' motion to dismiss the claim against Dr. Sangha. [Doc. No. 35 at 13-14.] Defendants object to the ruling, arguing that the complaint is devoid of allegations sufficient to establish Dr. Sangha's role as Dr. Ko's

---

[1] Relatedly, Defendants assert that the court need not accept Plaintiff's allegation of Deputy Director Lewis' job duties even at this stage of the litigation. [Doc. No. 37 at 3-4.] But, an *informa pauperis* complaint should not be dismissed before any factual development is conducted simply because the court finds the allegations unlikely. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

supervisor and fails to allege how Dr. Sangha knew that the treatment provided by Dr. Ko's was constitutionally deficient. [Doc. No. 37 at 6.] However, as the Magistrate Judge noted, Plaintiff does more than merely allege Dr. Sangha reviewed and denied his 602 Appeal, he alleges Dr. Sangha knew Dr. Ko refused to provide effective treatment and refused to refer him to a specialist, and yet did not take any actions to rectify the situation or stop his subordinate's acts. [Doc. No. 35 at 14.] Further, as Magistrate Stormes pointed out, Plaintiff also alleges Dr. Sangha referred one of Plaintiff's 602 Appeals to Dr. Ko for investigation despite knowing Plaintiff complained of Dr. Ko's treatment. [*Id.* at 14.] Additionally, the Complaint alleges Dr. Sangha is responsible for the medical care of all inmates at CSP-Centinela including "the supervision, direction, and or proper training of the medical staff at CSP-Centinela, including the defendant Dr. S. Ko." [Doc. No. 1 ¶ 8.] These alleged facts are sufficient to state a claim for deliberate indifference based on Dr. Sangha's alleged knowledge and acquiescence in unconstitutional conduct. This Court agrees with the Magistrate Judge that the motion to dismiss as to Dr. Sangha should be denied.

C. Dr. McCabe

Magistrate Judge Stormes found that Plaintiff states a cognizable Eighth Amendment claim against Dr. McCabe. Defendants object to the ruling, arguing: (1) Dr. McCabe's involvement in Plaintiff's care was limited to review of his inmate appeal at the first level; (2) Dr. McCabe did not treat Plaintiff and interviewed him before Plaintiff had any interaction with Dr. Ko; and (3) Plaintiff is simply dissatisfied with Dr. McCabe's decision to deny his healthcare appeal, which is not actionable under § 1983. [Doc. No. 37 at 6-7.] However, as the Magistrate Judge noted, Plaintiff does not merely allege Dr. McCabe denied his administrative appeal, he alleges Dr. McCabe knew about his continued chest pains and requests to see a heart specialist, had authority to prevent a constitutional violation, and yet denied his request and delayed treatment for medical care that Plaintiff alleges was sorely needed. [Doc. No. 35 at 12.] Furthermore, Plaintiff's allegations regarding deliberate indifference to his serious medical need predate his interactions with

Dr. Ko. Plaintiff alleges that in October 2014 he began requesting medical assistance for his chest pains and to see a heart specialist but that these requests were denied and that the delay in treatment caused him harm. [Doc. No. 1 ¶¶ 12-23, 66-70.] As Judge Stormes highlighted, Plaintiff alleges Dr. McCabe is responsible for ensuring inmates who are transferred to other institutions continue receiving proper care and Dr. McCabe violated his Eighth Amendment rights by failing to make sure he received adequate medical care when he transferred to Centienela. Therefore, this Court agrees with the Magistrate Judge that the motion to dismiss as to Dr. McCabe should be denied.

D. Dr. Ko

Magistrate Judge Stormes concluded that Plaintiff's Complaint states an Eighth Amendment claim for deliberate indifference to medical needs against Dr. Ko. [Doc. No. 35 at 8-11.] Defendants object to this ruling, arguing the Complaint fails to adequately allege deliberate indifference by Dr. Ko or that Dr. Ko persisted in pursuing a medically unacceptable treatment path and at best Plaintiff alleges a difference of opinions with Dr. Ko. [Doc. No. 37 at 7-9.] In fact, Judge Stormes acknowledges that some, but not all, of Plaintiff's allegations demonstrate a mere difference of opinion, before explaining that Plaintiff also alleges he informed Dr. Ko that the initial treatment plan was ineffective, Dr. Ko nodded "yes" when Plaintiff asked if he would first need to fall out from a heart attack to be referred to a cardiologist, and Plaintiff continues to have chest pains. [Doc. No. 35 at 9.]

Defendants also argue the two EKG's and one chest x-ray performed on Plaintiff and the changing of Plaintiff's medication from a NSAID to Tylenol are illustrative of Dr. Ko's responsiveness to Plaintiff's complaints. [Doc. No. 37 at 7-8.] Defendants assert that these actions are in direct contradiction to Plaintiff's allegation that Dr. Ko failed to order diagnostic testing for cardiac disease and the Recommendation's statement that Dr. Ko did nothing in response to Plaintiff's complaint that the treatment plan was not working. [*Id.*] As to Defendants' past treatments argument, "it does not dispense with Plaintiff's continued reports of chest pain despite the treatment plan." [Doc. No. 35 at 11:1-2.] As

the Magistrate Judge noted, Plaintiff alleges that the treatment plan of rest, not to work out as much and to take Naproxin – was ineffective and that he continues to have chest pains. [*Id.* at 9.]  Moreover, as Magistrate Stormes explained, the exhibit containing the EKG does not specify which doctor ordered the EKG, and notwithstanding the exhibit, Plaintiff alleges that Dr. Ko only performed a verbal examination and did not order any diagnostic testing and also alleges that he told Dr. Ko that the treatment plan was not working and that Dr. Ko did nothing in response.  [*Id.* at 10.]  Furthermore, as the Magistrate Judge pointed out, Plaintiff alleges that to the present, he still currently suffers from chest pain, and the added pain to his right side.  [*Id.*]

Therefore, the Court agrees with Magistrate Stormes, that if true, these facts could demonstrate Dr. Ko knew the treatment plan he placed Plaintiff on was ineffective yet continued on the treatment plan anyway and deliberately did not take steps to improve the situation.  *See Jett v. Penner,* 439 F.3d 1091, 1097-98 (9th Cir. 2006).

## CONCLUSION

The Court has conducted a *de novo* review of the Report and finds it to be thorough, complete, and an accurate analysis of the legal issues presented in the motion to dismiss. Therefore, the Court: (1) adopts the Report [Doc. No. 35] in full; (2) rejects Defendants' objections [Doc. No. 37]; and (3) Denies Defendants' motion to dismiss [Doc. No. 24]. Defendants are instructed to answer the Complaint within the time limits set forth in Federal Rule of Civil Procedure 12(1)(A)(i).

It is **SO ORDERED**.

Dated:  May 5, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge