UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICENTE ARRAIGA ALVAREZ,**<br><br>Plaintiff,<br><br>v.<br><br>**DR. S. KO, M.D., et al.,**<br><br>Defendants. | Case No.: 16-CV-1302-CAB-NLS<br><br>**ORDER**<br><br>**(1) GRANTING DEFENDANTS' EX PARTE APPLICATION TO AMEND THE COURT'S SCHEDULING ORDER [ECF No. 69];**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO COMPEL AS MOOT [ECF No. 67]; and**<br><br>**(3) ISSUEING FIRST AMENDED SCHEDULING ORDER** |

Pending before the Court are two motions: (1) Plaintiff's Motion to Compel Responses to Interrogatories, ECF No. 67, and (2) Defendants' *ex parte* application to amend the Scheduling Order, ECF No. 69.

In response to the Plaintiff's motion to compel, the Court ordered the parties to meet and confer regarding the substance of the motion. ECF No. 68. The Defendants' *ex parte* application represents the parties completed that meet and confer on November 1, 2017. As represented in that application, following a telephonic meet and confer, Defendants agreed to respond to additional

1

interrogatories beyond the twenty-five authorized under Fed. R. Civ. P. 33(a)(1). Defendants are **ORDERED** to serve responses to the specifically agreed upon interrogatories on or before **December 4, 2017**. Further, Plaintiff agreed to provide responses to Defendants' Interrogatories (Set One) that have not yet been served. Plaintiff is **ORDERED** to serve those responses on or before **November 6, 2017**. In light of the agreements of the parties which are now orders of the Court, the Court **DENIES AS MOOT** Plaintiff's motion to compel. ECF No. 67.

During the meet and confer process, the Defendants represent that the parties agreed to request the Court modify the Scheduling Order. Given the resolution of the discovery issues and time requested for same, the Court finds good cause to amend the Scheduling Order (ECF No. 41) as follows:

5. All fact discovery shall be completed by all parties by **December 4, 2017**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

6. All expert discovery shall be completed by all parties by **December 4, 2017**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

///

///

2

7. All pre-trial motions, other than *Daubert* motions, motions to amend or join parties, or motions *in limine*, shall be filed on or before **January 8, 2018**. All *Daubert* motions shall be filed on or before **January 8, 2018**. Counsel for the moving party shall set the motion date on the date that is 35 days from the date the motion is filed. Parties intending to file a motion shall *not* contact Judge Bencivengo's chambers for a hearing date. The parties should review Judge Bencivengo's chambers rules for civil cases for the additional requirements for noticed motions before Judge Bencivengo. Pursuant to Local Rule 7.1.f.3.c, if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

8. A telephonic Mandatory Settlement Conference shall be conducted on **February 26, 2018** at **3:30 p.m.** in the chambers of **Magistrate Judge Nita L. Stormes**. Counsel shall lodge confidential settlement briefs directly to chambers by **February 19, 2018**. All parties are ordered to read and to fully comply with the Chamber Rules of the assigned magistrate judge.

9. If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required at conferences before **Magistrate Judge Nita L. Stormes**, and the Plaintiff may appear by telephone. In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.

10. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **March 9, 2018. Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

11. In jury trial cases before the Honorable Cathy Ann Bencivengo, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

12. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **March 16, 2017**. The parties shall meet and confer and prepare a proposed pretrial order containing the following:

1. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.
2. A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable]. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.
3(a). A list of each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
3(b). A list of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
3(c). A list of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.
4(a). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, plaintiff starting with "1" and defendant beginning with an agreed upon numerical designation.
4(b). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.
5. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.
6. A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.
7. Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

13. Counsel for the Plaintiff must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **March 23, 2018**. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

14. The proposed pretrial order shall be lodged with the district judge's chambers on or before **March 30, 2018**, and shall be in the form prescribed in Local Rule 16.1.f.6.

15. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cathy Ann Bencivengo** for **April 6, 2018,** at **2:00 p.m.**

16. The trial in this matter shall commence on Monday, **May 11, 2018,** at **8:45 a.m.**

All provisions of the Scheduling Order not amended above shall remain unchanged.

**IT IS SO ORDERED**.

Dated: November 3, 2017

_____
Hon. Nita L. Stormes
United States Magistrate Judge

5