UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE ARRAIGA ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>DR. S. KO, M.D., et al.,<br><br>Defendants. | Case No.: 3:16-cv-1302-CAB-NLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**<br><br>**[ECF No. 81]** |

On December 22, 2017, Plaintiff filed a Motion to Compel responses to various interrogatories propounded on Dr. Sangha, Dr. Ko, and Director J. Lewis. ECF No. 81. The Court reviewed the Plaintiff's motion and found that responses submitted by Director Lewis were appropriate, and denied the Plaintiff's motion to compel further responses from Director Lewis. ECF No. 82. The Court also directed the parties to meet and confer regarding the contested interrogatory responses provided by Dr. Ko (No. 30-31), and the interrogatories that were unanswered by Dr. Ko (No. 5) and Dr. Sangha (Nos. 1-4). *Id.* Following the meet and confer, Defendants were ordered to provide either a notice of resolution or opposition to the motion to compel. *Id.*

///

///

**I.  Scope of Remaining Discovery Dispute**

Consistent with the Court's order, the Defendant submitted an Opposition to the Plaintiff's motion to compel which includes notice of resolution of the two portions of the Plaintiff's motion to compel directed to Dr. Ko's responses:

1. Defendants represent that receipt of Plaintiff's motion revealed the inadvertent failure of Dr. Ko to respond to interrogatory 5, and that counsel obtained a verified response from Dr. Ko to this interrogatory, which was served on January 2, 2018 and numbered as 32.  ECF No. 83 at 2.
2. Pursuant to the Court's order, the parties met and conferred on January 4, 2018, and Dr. Ko agreed to provide supplemental responses to interrogatories 30 and 31.  *Id.*  Defendants represent that these supplemental responses were served on January 4, 2018.  *Id.* at 3.

In light of the representations set forth by Defendants regarding Dr. Ko, the Court **DENIES AS MOOT** Plaintiff's motion to compel further responses from Dr. Ko.

Defendants submit that only Dr. Sangha's responses to interrogatories 1-4 remain in dispute.  *Id.*  The Court will address these interrogatories.

**II.  Disputed Interrogatories Propounded to Dr. Sangha**

Plaintiff initially propounded Interrogatories (Set Two) to Dr. Sangha on or about September 3, 2017.  *See* ECF No. 67.  A discovery dispute arose as a result of the interrogatories, and the Court directed the parties to meet and confer.  ECF No. 68.  The parties did so and were able to resolve the dispute without further Court intervention at that time.  ECF Nos. 69, 70.  In the document submitted to the Court explaining the resolution of the dispute, counsel for Defendants represented, in relevant part, that:

> The parties agreed that Defendants would respond to the second set of interrogatories ("Set Two") propounded on Defendants as follows: … all interrogatories except number 8 propounded on Dr. Ko, and interrogatories 5 and 6 propounded on Dr. Sangha.

ECF No. 69 at 2: 1-7.

Plaintiff understood that Dr. Sangha was to respond to all interrogatories "<u>except</u> number[s] 5 and 6." ECF No. 81 at 2. Counsel for the Defendants understood the agreement to be that Dr. Sangha would respond to <u>only</u> interrogatories 5 and 6. ECF No. 83 at 3-4; ECF No. 83-1. Counsel provides a declaration that recounts the meet and confer discussion with Plaintiff on November 1, 2017, including the reasons provided as to why Dr. Sangha could not respond to interrogatories 1-4. ECF No. 83-1 at ¶¶ 5-10.

The agreement, or lack thereof, regarding which interrogatories Dr. Sangha agreed to respond to as presented to the Court is ambiguous. Both interpretations can be supported by the language of the agreement submitted. Accordingly, the Court will address the Plaintiff's motion to compel regarding these four interrogatories without reliance or reference to any agreement of the parties.

**III.  Legal Standard**

Rule 33 permits interrogatories on any topic within the scope of Rule 26. Rule 26 permits inquiry into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, … the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues …."

The allegations of Plaintiff's complaint towards Dr. Sangha are directed towards supervisory liability. "A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207–08 (9th Cir. 2011) (quoting *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989)). "The requisite causal connection can be established ... by setting in motion a series of acts by others … or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury," *Id.* (internal alterations omitted) (citing *Dubner v. City & Cnty. of San Francisco,* 266 F.3d 959, 968 (9th Cir. 2001)). "A supervisor can be liable in his individual capacity for his own

culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland,* 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

Plaintiff alleges Dr. Sangha is the "Chief Medical Executive…a properly trained and licensed medical doctor who is or was responsible for the medical care of all inmates at CSP-Centinela. This includes, but is not limited to, the supervision, direction, and[/]or proper training of the medical staff at CSP-Centinela, including Defendant Dr. Ko." ECF No. 1 at ¶ 8. Plaintiff further alleges Dr. Sangha referred Plaintiff's medical appeal interview to Dr. Ko, despite Plaintiff's request to see another doctor due to his belief that Dr. Ko was deliberately indifferent to his pain. *Id.* at ¶ 55. Finally, Plaintiff alleges that Dr. Sangha failed to properly supervise Dr. Ko, and failed to act on information that indicated unconstitutional acts were occurring. *Id.* at ¶¶ 79, 95.

**IV.   Interrogatories Propounded to Dr. Sangha**

Interrogatory 1 states:

> If you contend that the Defendant Dr. S. Ko is not subordinate to you, please state
> (a) all facts upon which you base your contention; and
> (b) identify any statute, ordinance, rule or policy or regulation that supports your contention.

Plaintiff argues that response to this interrogatory is relevant to establish supervisory liability, and seeks to have Defendants identify any statute, ordinance, rule, or policy that Dr. Sangha intends to rely on that "shows Dr. Ko is not subordinate to [Dr. Sangha]." ECF No. 81 at 4.

Defendants indicate that during the meet and confer, counsel explained that Dr. Sangha had already provided a verified supplemental response to a similar interrogatory, which stated that Dr. Sangha "does not directly supervise licensed medical staff, such as

Dr. Ko, that directly administer treatment."[1] ECF No. 83 at 4; ECF No. 83-1 at ¶ 5. Defendant also argues that the question as phrased asks him to prove a negative.

Notably, this interrogatory is identical to one propounded to Director Lewis, No. [SIC 27], to which Director Lewis provided a response and no argument was raised regarding proof of a negative. *See* ECF No. 81, Ex. D.

The Court understands the information sought by the interrogatory, which is relevant and proportional to the Plaintiff's claim that Dr. Sangha may be liable as a supervisor. Fed. R. Civ. P. 26. The Court hereby **ORDERS** Defendants to provide a response.

Interrogatory 2 states:

> If you contend your personal involvement in either of the Plaintiff's CDC 602 Health Care Appeal Log #'s CEN HC 15027248 and COR HC 1407207, please state:
> (a) all facts and evidence upon which you base your contention.

Defendants submit that during the meet and confer, counsel pointed out that this interrogatory was unintelligible as phrased. ECF No. 83 at 4. The Court agrees, this request appears to be missing critical language. No response to this interrogatory is required.

Interrogatory 3 states:

> If you contend you are not responsible for the medical care of all inmates including but not limited to the supervision, direction, and[/] or proper training of the medical staff at CSP Centinela, please state
> (a) all facts and evidence upon which you base your contention; and
> (b) identify any statute, ordinance, or regulation that supports your contention.

---

[1] Neither the Interrogatories nor the Supplemental Responses were put before the Court for comparison.

5

Plaintiff argues only that this interrogatory "appear[s] to be reasonably calculated to lead to the discovery of admissible evidence relevant to the Plaintiff's claims." ECF No. 81 at 6.

Defendants repeat their argument that like interrogatory 1, this interrogatory is asking to prove a negative and that Dr. Sangha previously responded to a similar interrogatory stating as a medical executive, Dr. Sangha "does not generally personally participate in day-to-day patient care within the institution." ECF No. 83 at 4.

As with interrogatory 1, the Court understands the information sought by the interrogatory, which is relevant and proportional to Plaintiff's case, specifically, his claims for supervisory liability. Fed. R. Civ. P. 26. The Court hereby **ORDERS** Defendants to provide a response to interrogatory 3.

Interrogatory 4 states:

> If you contend that your job title does not require you to be aware and approve the medical treatment that inmates receive at CSP-Centinela, state
> (a) all facts upon which you base your contention; and
> (b) identify any statute, ordinance, or regulation that supports your contention.

Plaintiff argues that this interrogatory is relevant to show Dr. Sangha's awareness that Dr. Ko's treatment plan was ineffective in alleviating Plaintiff's complaints of chest pain. ECF No. 81 at 5. Defendant again argues this interrogatory asks Dr. Sangha to prove a negative by showing what Dr. Sangha's job does not entail. ECF No. 83 at 5.

The Court understands the information sought by the interrogatory, which is relevant and proportional to Plaintiff's case. Fed. R. Civ. P. 26. The Court hereby **ORDERS** Defendants to provide a response.

### V. Conclusion

Plaintiff's motion to compel is **DENIED AS MOOT** as to interrogatories propounded to Dr. Ko. Plaintiff's motion to compel is **GRANTED IN PART** as to interrogatories propounded to Dr. Sangha. Dr. Sangha must respond to interrogatories 1,

6

3:16-cv-1302-CAB-NLS

3, and 4 by **January 12, 2018**.  Plaintiff motion to compel as to interrogatory 2 to Dr. Sangha is **DENIED**.

**IT IS SO ORDERED**.

Dated:  January 9, 2018

*Nita L. Stormes*
Hon. Nita L. Stormes
United States Magistrate Judge