# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE ARRAIGA ALVAREZ,<br><br>Plaintiff,<br><br>v.<br><br>DR. S. KO, M.D., et al.,,<br><br>Defendants. | Case No.: 3:16-CV-01302-CAB-NLS<br><br>**ORDER: (1) ADOPTING REPORT AND RECOMMENDATION [DOC. NO. 100]; (2) REJECTING PLAINTIFF'S OBJECTIONS [DOC. NO. 104]; AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOC. NO. 74]** |

Plaintiff Vincente Arraiga Alvarex ("Plaintiff") commenced this civil rights action against Dr. S. Ko, M.D., Dr. Connall McCabe, M.D., Dr. A. Sangha, C.M.E., and Deputy Director J. Lewis (collectively "Defendants") pursuant to 42 U.S.C § 1983, alleging the Defendants were deliberately indifferent to Plaintiff's serious medical need, in violation of the Eight Amendment. [*See* Doc. No. 1.]

On December 1, 2017, Defendants filed a Motion for Summary Judgment [Doc. No. 74]. Plaintiff responded and Defendants replied. [Doc. Nos. 91, 92.] The Honorable Nita L. Stormes, United States Magistrate Judge, issued a Report and Recommendation (the "Report") recommending the Court grant the motion for summary judgment. [Doc. No.

100.] Plaintiff filed objections to the Report [Doc. No. 104] and Defendants filed a reply [Doc. No. 105].

After a careful review of the record and *de novo* review of those portions of the Report to which specific objections have made, and for the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the magistrate judge's recommendations in full and **GRANTS** Defendants' motion for summary judgment.

## BACKGROUND

Judge Stormes' Report contains a thorough and accurate recitation of the factual and procedural histories underlying the instant Motion for Summary Judgment.

## LEGAL STANDARD

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rules of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

Objections must be written and specific. *See, e.g.,* Fed. R. Civ. P. 72(b)(2). It is well-settled that a district court may adopt those portions of a magistrate judge's report to which no specific objection is made, provided they are not clearly erroneous. *Thomas v. Arn,* 474 U.S. 140, 149 (1985). "Numerous courts have held that a general objection to the entirety of a Magistrate Judge's [report and recommendation] has the same effect as a failure to object." *Alcantara v. McEwen,* No. 12-cv-401-IEG(DHB), 2013 WL 4517861, at *1 (S.D.Cal. Aug. 15, 2013) (citing cases).

## DISCUSSION

Here, the relevant inquiry is whether Plaintiff has provided facts that demonstrate a violation of his Eight Amendment right to be free from cruel and unusual punishment. To

maintain an Eight Amendment claim based on prison medical treatment under 42 U.S.C. § 1983, an inmate must show "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A prisoner may show a defendant's deliberate indifference by showing "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when officials deny, delay or intentionally interfere with medical treatment." *Id.*

"[W]hether an x-ray or additional diagnostic techniques or forms of treatment are indicated is . . . . a matter for medical judgment that does not subject a prisoner to cruel and unusual punishment in violation of the Eight Amendment." *Davis v. Walker*, Case No. 3:14-cv-01297-BAS(NLS), 2016 WL 859974, at *5 (S.D.Cal. Mar. 7, 2016) (quoting *Keller v. Faecher,* 44 F. App'x. 828, 831 (9th Cir. 2002) (internal quotations omitted). *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) "[T]he question of whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.") An "inadvertent [or negligent] failure to provide adequate medical care" alone does not state a claim under § 1983. *Jett* 439 F.3d at 1096 (citing *Estelle,* 429 U.S at 105).

Plaintiff's objections primarily focused on the magistrate judge's recommendation that the court grant summary judgment as to Dr. Ko. [Doc. No. 104.] Therefore, the Court will begin with Judge Stormes' reasons for recommending summary judgment in favor of Dr. Ko.

**A. Dr. Ko**

Magistrate Judge Stormes recommended that summary judgment be granted in favor of Dr. Ko on Plaintiff's Eight Amendment Claim. [Doc. No. 100 at 13-20.[1]] Specifically,

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

Judge Stormes found that the undisputed material facts demonstrated Plaintiff could not establish that Dr. Ko was deliberately indifferent to his medical needs. Judge Stormes explained that Plaintiff's medical records contradicted his argument that Dr. Ko did little more than prescribe him naproxen and then Tylenol. [*Id.* at 14.] Further, Judge Stormes concluded that the records demonstrated that Plaintiff was examined, prescribed medication and underwent several diagnostic tests, which all returned results the doctor reviewed as normal. [*Id.* at 14-15.] Judge Stormes determined that Dr. Ko did not simply stand by or intentionally withhold treatment from Plaintiff, and that Dr. Ko's refusal to refer Plaintiff to a cardiologist or perform more diagnostic testing did not rise to the level of deliberate indifference to a serious medical need. [*Id.* at 15.] Further, Judge Stormes found that "while Plaintiff believed he had bradycardia and therefore, a heart condition, Dr. Ko was under no obligation to accept this lay self-diagnosis for the purposes of treatment." [*Id.* at 17.] Finally, Magistrate Judge Stormes found that the subsequent additional testing and differing diagnosis provided by Plaintiff's current treating physician, Dr. Metts, signal a difference of medical opinion in course of treatment and possible negligence, but this did not rise to the level of deliberate indifference. [*Id.* at 19.]

In his objections Plaintiff repeatedly states that "Dr. Ko recommended continuation of the same treatment plan despite Plaintiff's protests that it was not working," [*See, e.g.* Doc. No. 104 at 4, 10-11], and that Dr. Ko deliberately did not take steps to improve the situation. But, as explained more fully in the Report, the evidence belies this assertion. Rather, the evidence demonstrates medical examinations were performed on Plaintiff, diagnostic tests were run and a treatment plan was suggested that Plaintiff declined to follow. The Court agrees with Judge Stormes that the actions taken by Dr. Ko do not demonstrate deliberate indifference to Plaintiff's medical condition. *See, e.g., Jackson v. McIntosh,* 90 F.3d 332 (9th Cir. 1996) (so long as a defendant decides on a medically acceptable course of treatment, his actions will not be considered deliberately indifferent, even if an alternative course of treatment was available).

Plaintiff also objects to Magistrate Stormes' Report on the grounds that Defendants failed to meet their initial burden of establishing the absence of a genuine issue of material fact as required at the summary judgment stage. [Doc. No. 104 at 3-11.] In support of this position, Plaintiff relies on his own pleadings, the Court's earlier rulings at the motion to dismiss stage and the legal standard applied there. But, such reliance is misplaced as the standard applied at the summary judgment stage varies significantly from that applied when considering a motion to dismiss. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24(1986) (The initial burden of establishing the absence of a genuine issue of material fact falls on the moving party.) In order to prevail at the summary judgment stage, Plaintiff must do more than merely disagree with the course of treatment provided. *Toguchi v. Chung,* 391 F.3d 1051, 1058 (9th Cir. 2004). Rather, the nonmoving party, must "go beyond the pleading and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex,* *477* U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

The record supports Judge Stormes' finding that Dr. Ko met his initial burden of establishing the absence of a genuine issue of material fact and that Plaintiff failed to designate specific facts demonstrating the existence of genuine issues for trial. Contrary to Plaintiff's assertion, Judge Stormes did not ignore Plaintiff's evidence compromising of Dr. Ko's notes, Plaintiff EKG and health care request forms, the California Correctional Health Care Services ("CCHCS") protocols and Plaintiff's declaration recounting his interactions with Dr. Ko. [Doc. No. 104 at 7-10.] As explained in more detail above, Judge Stormes provided a thorough and complete review of the medical record. Further, Judge Stormes considered the evidence regarding the hostile comments Dr. Ko made to Plaintiff and concluded that while the statements may well have been offensive, inappropriate and unprofessional, given the treatment Plaintiff received they did not show that Dr. Ko was deliberately indifferent to Plaintiff's medical complaints. [Doc. No. 100 at 17-18.] Similarly, Judge Stormes reviewed the CCHCS Protocol for Registered Nurses submitted

by Plaintiff and appropriately deduced that Plaintiff was misreading the protocol. [*Id.* at 17.]

As to Plaintiff's objection that Magistrate Stormes made credibility determinations about Plaintiff's and Dr. Ko's factual allegations and of the weight of the evidence [Doc. No. 104 at 11-12], this Court is not persuaded. Judge Stormes simply considered the *entire* medical record and found Plaintiff failed to show that Dr. Ko acted with deliberate indifference. *See* Doc. No. 100 at 2-11, 13-20.

In accordance with the foregoing, the Court **OVERRULES** Plaintiff's objections to the Report recommending granting summary judgment in favor of Dr. Ko and adopts Judge Stormes' findings and conclusion.

## B. Defendants McCabe, Sangha, and Lewis

Furthermore, finding the general objections Plaintiff makes to the Report as a whole insufficient, [*see* Doc. No. 104 at 2], the Court finds no clear error in the remaining portions of the R&R not specifically objected to by Plaintiff. *See generally* Doc. No. 100. Accordingly, those portions of the Report —which include Judge Stormes' findings with respect to Plaintiff's deliberate indifference claim under the Eighth Amendment against Defendants McCabe, Sangha, and Lewis—are hereby **ADOPTED**.[2] *See, e.g., Alcantara,* 2013 WL 4517861 at *1 ("Numerous courts have held that a general objection to the entirety of a Magistrate Judge's R&R has the same effect as a failure to object.").

---

[2] Judge Stormes determined Dr. McCabe, the head doctor at Corcoran, denied Plaintiff's "appeal primarily on the basis that Plaintiff had transferred to Centinela at that point in time so Corcoran medical officials could no longer administer his care and he was already receiving medical care at Centinela" was not indicative Dr. McCabe's deliberative indifference to Plaintiff's medical care. [Doc. No. 100 at 21.] As to Dr. Sangha, Judge Stormes concluded that "[t]here is no evidence to suggest that Dr. Sangha had any indication that Plaintiff was suffering from a medical need that was being ignored and not treated," and that Dr. Sangha was not deliberately indifferent to Plaintiff's medical needs. [Doc. No. 100 at 23-24.] Finally, Judge Stormes found that that Plaintiff failed to offer any evidence that Director Lewis was deliberately indifferent to his medical need, explaining how Director Lewis had reviewed Plaintiff's medical file and denied his appeal on the grounds that Plaintiff had been routinely examined and monitored. [Doc. No. 100 at 24-25.]

## CONCLUSION

The Court has conducted a *de novo* review of the Report and finds it to be thorough, complete, and an accurate analysis of the legal issues presented in the motion for summary judgment. Therefore, the Court: (1) **adopts** the Report [Doc. No. 100] in full; (2) **rejects** Plaintiff's objections [Doc. No. 104]; and (3) **grants** Defendants' motion for summary judgment [Doc. No. 74].

It is **SO ORDERED**.

Dated: June 18, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge