UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICENTE ARRAIGA ALVAREZ,**<br><br>Plaintiff,<br><br>v.<br><br>**DR. S. KO, M.D., et al.,**<br><br>Defendants. | Case No.: 3:16-cv-1302-CAB-NLS<br><br>**ORDER GRANTING PLAINTIFF'S EX-PARTE MOTION FOR RECORD OF PROCEEDINGS ON FILE**<br><br>**[ECF No. 112]** |

Before the Court is Plaintiff Vincente Arraiga Alvarez's ("Plaintiff") motion for record of proceedings on file. (ECF No. 112.) Plaintiff requests that this Court order the Clerk to provide Plaintiff with a copy of his response in opposition to Defendants' motion for summary judgment: ECF No. 91, which totals 189 pages.[1] (ECF No. 112 at 1-2.) Plaintiff asserts that this particular filing is necessary to prepare an adequate appeal. (*Id.* at 4.) In support of his motion, Plaintiff cites to case law addressing the provision of transcripts for appeals from criminal convictions.[2] *Id.*

---

[1] Plaintiff requests the exhibits attached to his opposition, which are included in the filing. (*See* ECF No. 91 at 34-186; ECF No. 112 at 2.)
[2] *March v. Municipal Court for S.F. Judicial Dist.*, 7 Cal. 3d 422, 427 (1972)

1

The Court notes that it is up to the Plaintiff to keep and maintain his records. Nonetheless, under the circumstances and because the Plaintiff asks for a single—albeit lengthy—document, the Court finds it appropriate to provide Plaintiff with a copy. Plaintiff is cautioned that there is no right to free photocopying for indigent persons and no similar requests will be granted in the future. *See Waldron-Ramsey v. Manning*, 996 F.2d 1230 (9th Cir. 1993) (rejecting "any constitutional right to unlimited free photocopying.").

The Clerk is **DIRECTED** to print a copy of ECF No. 91, and enclose it with this Order. Due to the length of the document, double-sided printing is both acceptable and preferred to conserve court resources.

**IT IS SO ORDERED.**

Dated: September 13, 2018

Hon. Nita L. Stormes
United States Magistrate Judge

---

(When "a transcript was essential to [an indigent criminal defendant's] appeal, it had to be provided at state expense."); *Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (stating "[t]he state must provide an indigent [criminal] defendant with a transcript of prior proceedings when that transcript is needed for an effective defense or appeal."); *Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956) (holding that "to deny adequate review to the poor"—referring to denying free transcripts to indigent criminal defendants appealing their convictions—violates the equal protection clause of the Fourteenth Amendment.).

2